UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WOJTEK CISZKOWSKI, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 13-91-KKC |
| | ) | |
| V. | ) | |
| | ) | |
| J. C. HOLLAND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Wojtek Ciszkowski is a prisoner confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Ciszkowski has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction for possessing a firearm in furtherance of a crime of violence. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Ciszkowski's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

I

On January 20, 2006, a jury in the Middle District of Florida found Ciszkowski guilty of using a facility of interstate commerce in furtherance of a plan to commit murder for hire in violation of 18 U.S.C. § 1958; possession with intent to distribute ecstacy in violation of 21 U.S.C. § 841; and possession of a firearm in furtherance of a drug trafficking crime and a crime of violence in violation of 18 U.S.C. § 924(c). On May 2, 2006, the trial court sentenced Ciszkowski to concurrent 12-month terms of incarceration on the first two counts, and a consecutive 360-month term of incarceration on the firearms count because the weapon was equipped with a silencer. *United States v. Ciszkowski*, No. 8:05-cr-36-SDM-TBM (M.D. Fla. 2005); *see also United States v. Ciszkowski*, 430 F. Supp. 2d 1283 (M.D. Fla. 2006).

On direct appeal, Ciszkowski argued that the government "set him up" by including a silencer on the murder weapon provided by the government's confidential informant; that he did not know that the weapon - contained within a duffel bag - was equipped with a silencer; that the court failed to instruct the jury that it must find beyond a reasonable doubt that he knew the weapon was equipped with a silencer; and that his sentence was unreasonable. The Eleventh Circuit rejected each of his arguments and affirmed his conviction and sentence. *United States v. Ciszkowski*, 492 F.3d 1264 (11th Cir. 2007). On September 3, 2008, the trial court denied Ciszkowski's timely § 2255 motion to vacate his conviction and sentence because his motion asserted the same claims considered and rejected by the Eleventh Circuit on direct appeal. *Ciszkowski v. United States*, No. 8:08-cv-1364-SDM-TBM (M.D. Fla. 2008).

In his petition, Ciszkowski contends that his conviction under § 924(c) for possessing a firearm in furtherance of a drug trafficking crime and a crime of violence violates the Double Jeopardy Clause of the Fifth Amendment. This is so, Ciszkowski argues, because his conviction for

this offense arose out of the same "identical" conduct which formed the basis for his convictions for using a facility of interstate commerce in furtherance of a plan to commit murder for hire and for possession with intent to distribute ecstacy. [R. 1, pp. 12, 14-16]

II

As a threshold matter, Ciszkowski may not pursue his Double Jeopardy claims in a § 2241 petition. To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes

that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002); *Eiland v. Rios*, No. 7:07-cv-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same).

Here, Ciszkowski's Double Jeopardy claims could and should have been asserted on direct appeal or in his initial motion for relief under § 2255. *Barton v. Wilson*, No. 10-349-HRW, 2012 WL 1634013, at *4 (E.D. Ky. May 8, 2012). Even if his claims had merit, they did not result in him being convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Bousley v. United States*, 523 U.S. 614, 620 (1998). The Court must therefore deny Ciszkowski's petition because he may not assert his claims in a habeas corpus proceeding under § 2241.

Even if this were not so, Ciszkowski's Double Jeopardy claim is substantively meritless. The Double Jeopardy Clause of the Fifth Amendment bars any person "subject for the same offence to be twice put in jeopardy of life or limb." Ordinarily, the Double Jeopardy Clause is not violated if "each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). However, the *Blockburger* test does not apply where Congress clearly expressed its intent that the statute is intended to enhance the sentence for other violent or drug trafficking offenses. Where, as here "statutory intent clearly indicates that Congress authorized multiple punishments based on committing a crime in a particular manner, here using a firearm, the resulting sentences do not violate the double jeopardy clause." *United States v. Gibbons*, 994 F.3d 299, 302 (6th Cir. 1993) (citing *Albernaz v. United States*, 450 U.S. 333, 344 (1981)); *see also United States v. Kennedy*, 682 F. 3d 284, 257 (3d Cir. 2012); *United States v. Howell*, 199 F. App'x

697, 702-03 (10th Cir. 2006).

In addition, Ciszkowski's reliance upon *Busic v. United States*, 446 U.S. 398 (1980) and *Simpson v. United States*, 435 U.S. 6 (1978), is misplaced. In 1984, Congress legislatively overruled the results in those cases when it amended § 924(c) to clarify that a conviction under that statute was authorized even when the underlying offense already contained an enhancement provision of its own. *United States v. Garrett*, 903 F.3d 1105, 1115 n. 12 (7th Cir. 1990).

Accordingly, **IT IS ORDERED** that:

1. Ciszkowski's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This the 17th day of September, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge